IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:14-cv-619<br>) |
| v. | )<br>) **C O M P L A I N T** |
| ORION ENERGY SYSTEMS, INC. | )<br>) **Jury Trial Demanded** |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of discrimination and retaliation and to provide appropriate relief to Scott Conant ("Conant") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Orion Energy Systems ("Defendant") failed to provide him with a reasonable accommodation in the form of door entrance/exit assists, in violation of Section 102(5)(A) of the ADA, 42 U.S.C. § 12112. Instead, Defendant discriminated against Mr. Conant by terminating him based on his disability, and/or on the need to provide him with a reasonable accommodation for his disability, in violation of Section 102(5)(B) of the ADA, 42 U.S.C. § 12112, and/or because he requested an accommodation for his disability, in violation of Section 503 of the ADA, 42 U.S.C. § 12203.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1), 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant Orion Energy Systems has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the City of Manitowoc. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Scott Conant filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant.

8. On April 11, 2012, EEOC determined that there was reasonable cause to believe that Defendant discriminated against Conant by failing to accommodate and terminating him in retaliation for his request for accommodation.

9. The conciliation efforts required by law have occurred and were unsuccessful.

    (a) On April 11, 2012, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

    (b) On August 28, 2012, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. In or around October, November, and December of 2009, and January of 2010, Defendant engaged in unlawful employment practices at its facility in Manitowoc, Wisconsin, in violation of Sections 102(5) and 503, 42 U.S.C. §§ 12112 and 12203 of the ADA.

12. Scott Conant has an impairment that substantially affects his ability to walk,

which is a major life activity under the ADA. Since September 2009, Conant has predominately used a wheel chair for mobility. He is a qualified individual with a disability within the meaning of Title I of the ADA.

13. Conant began employment with Defendant in June 2009 as a Senior Business Systems Analyst. He performed his job duties satisfactorily.

14. In or about September 2009 Conant experienced an impairment that required him to use a wheel chair and attend physical therapy. In September and October, 2009, Conant's supervisor allowed him to modify his schedule to accommodate attendance at physical therapy and doctor appointments. Conant's request for door assists to facilitate his entrance and exit from the building while in his wheel chair was referred to Human Resources. Defendant did not provide this accommodation or engage in the interactive process.

15. After Conant's injury, Defendant's representatives in Human Resources began asking his supervisor whether Conant could perform his job duties. In or about November 2009, Conant's supervisor was asked to write a memorandum justifying firing Conant for cause. His supervisor refused, stating that Conant was an asset to the company.

16. On or about January 14, 2010, Defendant terminated Conant's employment because of his disability and in retaliation for having requested and/or inquired about a door assist as a reasonable accommodation. Defendant failed to engage in the interactive process to determine a reasonable accommodation for Conant's disability, and failed to provide him with a reasonable accommodation.

17. The effect of the practices complained of in paragraphs 11-16 above, has been to deprive Conant of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and because he requested a reasonable

4

Case 1:14-cv-00619-WCG   Filed 05/29/14   Page 4 of 7   Document 1

accommodation for his disability.

18. The unlawful employment practices complained of in paragraphs 11-16 above, were and are intentional.

19. The unlawful employment practices complained of in paragraphs 11-16 above, were done with reckless indifference to the federally protected rights of Conant.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Orion Energy Systems, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to an employee based on Defendant's need to make reasonable accommodation to the physical or mental impairments of the employee.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees because they made a request for a reasonable accommodation for a disability, and/or engaging in any other conduct which retaliates against employees for engaging in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Conant by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices described in paragraphs 11-16 above.

E.  Order Defendant to make whole Conant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

F.  Order Defendant to make whole Conant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-16 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 11-16 above, in amounts to be determined at trial.

G.  Order Defendant to pay Conant punitive damages for its malicious and reckless conduct, as described in paragraphs 11-16 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C. 20507


John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8116
Facsimile: (312) 869-8124
jean.kamp@eeoc.gov

*s/: Laurie A. Vasichek*
Laurie Vasichek ( 171438 )
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 335-4061
Facsimile: (612) 335-4044
laurie.vasichek@eeoc.gov

7