IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION,

                Plaintiff,                Civil Case No. 14-C-0619

v.

ORION ENERGY SYSTEMS,

                Defendant.

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") instituted the above captioned civil action in the United States District Court for the Eastern District of Wisconsin, alleging that Orion Energy Systems ("Orion" or "Defendant"), violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and alleging that Defendant discriminated against Scott Conant due to his "disability" within the meaning of the ADA and retaliated against Scott Conant for requesting an accommodation for his disability. Defendant answered the complaint and denied the allegations therein.

Defendant and the Commission (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree ("Decree").

In reaching this Consent Decree, the EEOC and Orion, acting by and through their counsel, engaged in arms' length negotiations and a significant exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Orion were represented by counsel knowledgeable in this area of the law.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

I. JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

II. FINDINGS

The purposes of the ADA, the ADAAA, and the public interest will be furthered by the entry of this Consent Decree.

III. SCOPE

The negotiation, execution, and entry of this Consent Decree will resolve any and all claims of ADA violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 440-2011-00723C and the instant civil action. The EEOC reserves all rights to proceed with respect to matters not covered in this Consent Decree, and to secure relief on behalf of aggrieved persons not covered by the terms of this Consent Decree.

IV. TERM

   a. The Term of this Consent Decree and all obligations hereunder will be three (3) years from the Effective Date hereof. The Effective Date hereof will be the date that the District Court approves this Consent Decree.

   b. In the event that Defendant fails to perform its obligations during the Term of this Consent Decree, the EEOC is empowered to

enforce this Consent Decree through applicable judicial enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Decree.

c. Should any provision of this Decree be determined by a Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Decree.

d. This Decree sets forth the entire agreement between the Commission and Defendant as to the captioned lawsuit.

V. INJUNCTION

During the term of this Consent Decree, Orion and its successors and assigns are hereby enjoined from:

a. Failing or refusing to engage in the interactive process to determine reasonable accommodations for employees or conditional employees with a disability that would allow the employee or conditional employee to perform the essential functions of the job.

b. Terminating the employment of any employee because of a disability, when the employee can perform the essential functions of the job with or without a reasonable accommodation.

c. Engaging in any form of retaliation against any person because

such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Consent Decree.

d. Engaging in any form of retaliation against any employee or conditional employee because such person has made a request for a reasonable accommodation to enable them to perform the essential functions of the job or to enjoy any of the terms, conditions, or benefits of employment provided to non-disabled employees.

VI. POLICIES AND POSTINGS

a. Defendant shall, within 120 days from the entry of this Decree implement a written employment policy ("policy") concerning disability discrimination and employment rights under the ADAAA, which shall be made available to all employees of Orion and distributed at the ADA trainings referenced in paragraph VII. The policy shall cover all key aspects of disability discrimination, including but not necessarily limited to the definitions and principles of impairment, disability, substantial limitation, major

4

life activity, essential job function, direct threat, reasonable accommodation, and undue hardship, within the meaning of the ADAAA. The policy: (i) shall state that any employee who violates it may be subject to discipline up to and including termination; (ii) shall state that no employee will be retaliated against for complaining of discrimination or pursuing rights under the ADAAA; and (iii) shall provide a detailed description of the process for making complaints of disability discrimination, seeking reasonable accommodation, and investigation of complaints and requests for reasonable accommodation. Defendant shall provide this policy to all employees during the training referenced in paragraph VII. Defendant shall provide counsel for the EEOC a certification of compliance with these requirements, including a copy of the employment policy concerning disability discrimination and ADAAA rights with Defendant's first annual report.

b. Defendant shall within 120 days of entry of this Decree, issue a memorandum to all supervisory employees requiring that any requests for reasonable accommodation that are proposed for denial must first be reported to Human Resources for consideration and coordination to reasonably assure compliance with this Decree.

c. Defendant shall post and keep posted, in conspicuous places in the Tech Center and in the Production Facility the posting attached as Exhibit A.

VII. TRAINING

a. On an annual basis during the Term of this Decree, Defendant agrees to require its President, all human resources personnel, and all supervisors to attend a training conducted by qualified employment counsel.

   i. Training during the first year of this Decree shall be two hours, with one hour focusing on the ADAAA. The second hour can focus on other aspects of anti-discrimination laws. Training during the second and third year of the Decree will be one-hour long, with the portion devoted to the ADAAA being at least one-half hour, and the remaining portion focusing on other aspects of the antidiscrimination laws.

   ii. The CEO of Orion will introduce the training. During the introduction, Orion's commitment to equal employment opportunity will be emphasized. This training shall be accompanied by written materials, concerning ADAAA topics covered in the training, for the attendees. The training shall

6

be conducted by live seminar. The program for this training shall be prepared by outside employment counsel (not an employee of Orion) with at least five years of legal experience in employment discrimination law. The training shall be configured so as to permit attendees to ask questions and have them answered during the training session. The training shall inform the attendees that a supervisor's or human resources employee's failure to comply with the ADAAA, and/or Defendant's ADAAA policies may result in discipline, up to and including termination, as well as ineligibility for re-employment. An agenda for the first training will be provided to the EEOC at least 30 days before the training. The EEOC will have the opportunity to comment and negotiate changes to the agenda until two weeks before the training.

b. On an annual basis during the Term of this Decree, Defendant agrees to require its non-supervisory employees to attend a training conducted by qualified employment counsel, concerning the provisions of the policy described in Paragraph VI , their rights under the ADAAA, and Defendant's obligations under the ADAAA.

   i. The first years training will be no less than one hour, with 30

7

minutes devoted to the ADAAA, and the remainder focusing on other aspects of anti-discrimination law. The second year and third-year annual training must focus on the ADAAA and be no less than 30 minutes and may be by webinar.

ii. In each annual training, the steps for an employee to make internal complaints at Orion will be addressed.

iii. The CEO of Orion will introduce the training. During the introduction, Orion's commitment to equal employment opportunity will be emphasized. This training shall be accompanied by written materials, concerning ADAAA topics covered in the training, for the attendees. The training shall be conducted by live seminar with the exception of the second and third year, if the webinar method is used. The program for this training shall be prepared by outside employment counsel (not an employee of Orion) with at least five years of legal experience in employment discrimination law. The training shall be configured so as to permit attendees to ask questions and have them answered during the training session. During the training, Orion's policy for non-discrimination will be distributed and information on how to

8

report complaints of discrimination and specific rights for accommodation of disability will be discussed. An agenda for the first training will be provided to the EEOC at least 30 days before the training. The EEOC will have the opportunity to comment and negotiate changes to the agenda until two weeks before the training.

c. Defendant shall provide to the Commission, to the attention of the undersigned counsel for the EEOC, a certification that the required trainings have been completed, accompanied by a copy of the training materials referred to above, with Defendant's annual reporting, discussed in paragraph VIII. The certification shall set forth the total number of persons trained in compliance with the Decree, the date and times of the training, the location of the training, the name of the person(s) who conducted the trainings, whether the person attended supervisory or non-supervisory training, and a copy of a sign in sheet with the signatures of each attendee. Defendant agrees that it shall maintain records reflecting the names of the persons who attended the training and the dates of their attendance and shall provide these lists to the Commission's designated representatives along with the periodic

9

reports outlined below.

    d. Any employee who fails to attend any ADAAA training program mandated by this Decree, shall be required to attend a make-up program, or view a videotape of the entire original training program, within 120 days of the missed program. Such make-up attendance shall be reported as required under paragraph VIII.

VIII. REPORTING REQUIREMENTS.

    a. Defendant shall provide the Commission with three written reports, the first on the date falling six months after the entry of this Decree by the Court, with each successive report due annually thereafter, setting forth the following, in regard to (1) all complaints of "disability" discrimination [including discrimination on the basis of actual disability, record-disability, and regarded-as disability]against Defendant, and (2) any denials of a request for reasonable accommodation of disability made by the Defendant during the Term of this Decree, of which Defendant's Human Resources Director becomes aware,1:

        i. The name of the complainant and, if different, the name of

---

1 Defendant shall take reasonable steps to ensure that, in the event complaints of disability discrimination, or requests for reasonable accommodations, are made to personnel other than the Human Resources Director, those complaints or requests for accommodation shall be referred to the Human Resources Director for handling in accordance with this Decree.

10

the alleged victim, or in the case of a request for reasonable accommodation, the name of the person making the request;

    ii. The nature of the conduct complained of, or, in the case of a request for reasonable accommodation, a description of the alleged disability and the accommodation requested;

    iii. An explanation of the investigation and the outcome of the complaints or requests for accommodation; and

    iv. In the event that, with respect to any of the incidents reported by Defendant under this paragraph, Defendant has not fully complied with one or more provisions of this Decree, the signatory of the report shall indicate what shortcomings have occurred and shall outline a plan to assure immediate compliance. This foregoing provision does not in any way restrain the Commission's authority to invoke provisions for judicial review of Defendant's compliance with any terms and conditions of this Decree.

b. If after Orion's submission of any annual report pursuant to this section, the Commission requests in writing additional information regarding any particular complaint(s) or denied request(s) for reasonable accommodation identified in such annual report, then

11

Orion shall, within 30 days after receipt of such request, provide the following information to the Commission with respect to each such complaint or denied request for reasonable accommodation identified in the Commission's request: contact information for all persons who are subjects of the investigation of such complaint or of the request for reasonable accommodation (*e.g.* witnesses and alleged victims), including name, current home address, email address (if known), and phone number.

c. A claim of a failure to accommodate is not foreclosed if the complainant does not use the word "accommodation." The complainant need only provide sufficient information to put Defendant on notice of the need for an accommodation consistent with the ADA, as amended (ADAAA).

d. Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to the following address: United States Equal Employment Opportunity Commission-Minneapolis Area Office, ATTN: Legal Unit, 330 S. Second Avenue, Suite 720, Minneapolis, MN 55401. The reports may be sent as email attachments to the recipients' designated email addresses.

e. The Commission is entitled, within 30 days of a written request, to receive copies of underlying documentation pertaining to the complaint(s) or request(s) for accommodations, and their disposition, identified in the Commission's request under paragraph VIII(b), as may be necessary to determine compliance with this Decree.

IX. INDIVIDUAL REMEDY

    a. SETTLEMENT PAYMENT

        i. Within twenty (20) days of the entry of this Consent Decree by the Court, Defendant shall pay to Scott Conant the sum of $ 160,000. ("Settlement Payment"), contingent on Conant having executed the release attached as Exhibit B. Of this amount, $20,000 is characterized as back pay and shall have appropriate taxes and withholdings taken out, except that the employers' share of taxes and withholding shall not be deducted from the amount payable to Conant. The remainder ($140,000) is characterized as compensatory damages. Upon delivering the Settlement Payment, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address below, a copy of the checks remitted to

13

Scott Conant and tracking information for delivery.

X.  SUCCESSORS

The terms of this Consent Decree shall be binding upon the future successors and assigns of Orion.

XI.  COSTS AND ATTORNEYS FEES

Each party will bear that party's own costs and attorney's fees.

XII.  COURT APPROVAL

Both parties request that this Court approve this Consent Decree, without costs to either party, and with the Court reserving jurisdiction only as necessary to enforce this Consent Decree.

**IT IS SO ORDERED this**  9th  day of September, 2015.

s/ William C. Griesbach<br>
Chief Judge William C. Griesbach<br>
UNITED STATES DISTRICT COURT

**APPROVED AS TO FORM AND CONTENT:**

Dated: 9/03/2015            BY <u>s/ Laurie A. Vasichek</u>
                                                    Laurie A. Vasichek (Minn. No. 171438)
                                                    EEOC - Minneapolis Area Office
                                                    330 South Second Avenue, Suite 720
                                                    Minneapolis, MN  55401
                                                    Telephone:  (612) 335-4061
                                                    Facsimile:  (612) 335-4044
                                                    laurie.vasichek@eeoc.gov


                                                    Camille A. Monahan (Bar No. 1056755)
                                                    EEOC -Milwaukee Area Office
                                                    310 W. Wisconsin Avenue # 800
                                                    Milwaukee, WI  53203-2292
                                                    Telephone:   (414) 297-3548
                                                    Facsimile:   (414) 297-3146
                                                    camille.monahan@eeoc.gov


                                                    FOR THE EEOC


Dated: 9/3/2015                    BY <u>s/ Brian M. Radloff</u>

                                                    **Its Attorney**

                                                    **FOR ORION ENERGY SYSTEMS,  INC.**

# Exhibit A

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against Orion Energy Systems, Inc. ("Orion"), alleging that it violated the Americans with Disabilities Act by discriminating against a former employee because of his disability and by terminating his employment. Orion denied the allegations.

The Consent Decree resolving this lawsuit provides for a monetary payment to the former employee and equitable relief. It requires Orion to provide ADA training for all of its employees, and to comply with the ADA, a federal law that prohibits discrimination against any employee or applicant for employment because of the individual's disability.

Under the Consent Decree, Orion has also agreed that it will not retaliate against any person who opposes a practice made unlawful under the ADA, who filed a charge of discrimination under the ADA, or who participated in proceedings or assert rights under the ADA, including but not limited to the right to request reasonable accommodations.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at (612) 335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

                                                   [Signature]
                                                   [Orion Official]

# EXHIBIT B

In consideration for $ 160,000 paid to me by Orion Energy Systems, Inc., in connection with the resolution of EEOC v. Orion Energy Systems, Inc., I waive my right to recover for any claims that I raised in my charge, Charge Number 440-2011-00723C, including disability discrimination, failure to provide reasonable accommodation, and retaliation, arising under the Americans with Disabilities Act, prior to the date of this release, except that I do not intend and do not waive any claims relating to workers' compensation.

Date: _____

Signature:_____

17